**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| STEVEN ANTHONY GOFORTH,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC.,<br><br>Defendant. | Civil Action No. 8:26-cv-01610-DKC<br><br>**JURY TRIAL DEMANDED**<br>Hon. Deborah K. Chasanow |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Steven Anthony Goforth, appearing pro se, submits the First Amended Complaint with this motion and states that he may file it as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). In the alternative, he moves under Federal Rule of Civil Procedure 15(a)(2) and Local Rule 103.6.a for leave to file it. In support, Plaintiff states:

1. Plaintiff filed the Complaint on April 24, 2026 (ECF 1).

2. Plaintiff may amend once as a matter of course. Rule 15(a)(1)(B) allows that amendment up to 21 days after service of a responsive pleading or of a motion under Rule 12(b), (e) or (f), whichever is earlier. Lyft has served neither. Its only filing directed to the Complaint is a motion to stay proceedings and compel arbitration (ECF 20), which Lyft describes as a motion for "a stay under 9 U.S.C. § 3, not dismissal" (ECF 23 at 2), and its reply (ECF 23) is neither a responsive pleading nor a Rule 12 motion. Before the 2009 amendment to Rule 15, the Fourth Circuit stated the rule this way: "A plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

2A. The Court has entered no scheduling order. The Court's orders of September 15, 2026 (ECF 18, ECF 19) refer the action to Magistrate Judge Sullivan for a settlement or other ADR conference and set no deadline for amending pleadings. Under Local Rule 104.4, discovery

does not commence until a scheduling order is entered, so no discovery has begun. No deadline to amend has passed.

2B. In the alternative, if the Court finds that Plaintiff may not amend as a matter of course, he asks for leave under Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." In this Circuit, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber, 438 F.3d at 426 (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Because the Court has entered no scheduling order, no amendment deadline has passed, and the "good cause" standard that applies "after the deadlines provided by a scheduling order have passed" does not apply. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). No discovery has begun, and the case has not gone beyond the briefing of ECF 20, so the timing of the amendment does not prejudice Lyft.

3. The First Amended Complaint adds facts to the claims already pleaded and adds two counts. Count VII arises from the same deactivation and is brought by RiderTainment LLC. Count VIII arises from Lyft's treatment of Plaintiff before, during and after the deactivation and is brought by Plaintiff. The First Amended Complaint adds one party, RiderTainment LLC, as plaintiff on Count VII only, and states that party's name, address and county as Local Rule 102.2.a requires.

4. As Local Rule 103.6.a requires, the original of the proposed First Amended Complaint accompanies this motion.

5. Local Rule 103.6.c does not apply to this amendment, because the prior pleading, the Complaint (ECF 1), was filed by a self-represented party. Plaintiff therefore files no separate marked copy.

6. Under Local Rule 103.6.b, only newly added exhibits are attached. Each exhibit that accompanies the First Amended Complaint is newly added and is listed in the Exhibit Index filed with this motion.

7. Local Rule 103.6.d asks that the motion state whether the consent of other counsel has been obtained. Plaintiff is self-represented. On November 2, 2026, at 9:22 PM and again at 9:40 PM Central Time, Plaintiff emailed defense counsel Sarah A. Belger of Holland & Knight LLP, with a copy to a second attorney of that firm, about service of papers in this case by email. The first email asked that Plaintiff be served by email. The second gave Plaintiff's written consent to be served by email and asked for defense counsel's written consent to the same. Plaintiff received no reply to either email. On November 10, 2026, at 1:06 pm Central Time, Plaintiff emailed Ms. Belger to ask whether Defendant consents to the filing of the First Amended Complaint. As of the filing of this motion, Plaintiff has received no response to that email. Consent has therefore not been obtained.

8. Plaintiff submits with this motion a Memorandum in Support under Local Rule 105.1, an Exhibit Index, Plaintiff's Exhibits 1 to 5, and a Proposed Order.

9. Count VII concerns Lyft's tortious interference with, and the destruction of, the business of RiderTainment LLC, a Florida limited liability company whose Controlling Member is Plaintiff (First Amended Complaint ¶¶ 7A, 13, 78; Plaintiff's Exhibit 3). RiderTainment LLC is a separate entity from Plaintiff, and it is the plaintiff on Count VII. Under Local Rule 101.1.a, all parties other than individuals must be represented by counsel, and Plaintiff, who appears pro se, does not represent RiderTainment LLC. Plaintiff is a plaintiff on Counts I through VI and VIII only, and he is a witness on Count VII.

10. Plaintiff also moves under Federal Rule of Civil Procedure 21 for an order severing Count VII and Count VIII from Counts I through VI. Count VII has its own plaintiff, its own subject and its own proof: the business, the app, the Network, the company's records and the business plan. Count VIII has its own subject and its own proof: how Lyft treated Plaintiff on the basis of race and disability, and the app data and notice he was denied, under the Maryland and federal public-accommodation and civil-rights statutes the count cites. Plaintiff does not ask the Court to dismiss either count. Each severed count would proceed under its own civil action

number, related to this action under Local Rule 103.1.b. Part IV of the Memorandum in Support states the grounds.

10A. Plaintiff asks that the severed actions be stayed in conjunction with discovery in this action, No. 8:26-cv-01610-DKC, which proceeds on Counts I through VI, and/or his surgery and recovery, for as long as his medical professionals find feasible. In its Order of September 15, 2026 (ECF 18 at 1), the Court noted that Plaintiff "does intend to file a second motion to stay for his surgery and recovery period." In the severed actions Plaintiff may appear as a party or as a witness.

10B. Plaintiff also asks the Court, on severance, to direct the Clerk to assign each severed count its own civil action number, and to allow Plaintiff to proceed, in the severed action on Count VIII, without prepaying fees or costs under 28 U.S.C. § 1915(a)(1), on the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Form AO 239, which Plaintiff will file with the Clerk. In the alternative, Plaintiff asks that he be permitted to file that application within ninety (90) days after the Clerk assigns the number. Section 1915(a) applies to individuals only, Rowland v. California Men's Colony, 506 U.S. 194, 201 to 06 (1993), so Plaintiff makes this request only for himself. Ninety days lets the severed actions run congruent with this action, given Plaintiff's current timeline and activities. RiderTainment LLC, the plaintiff on Count VII, will address its own filing fee through counsel.

11. Plaintiff also asks, under Local Rule 103.1.d, for leave to file the First Amended Complaint with additional pages. The First Amended Complaint is 52 pages. Counted together with the 48-page Exhibit package (the Exhibit Index, Plaintiff's Exhibits 1 to 5 and their tab pages), the filing is 100 pages, which is 60 pages over the forty (40) pages that Local Rule 103.1.d provides. The circumstances are extraordinary. Local Rule 103.1.c requires each count to be set out separately with a clear statement of its supporting facts, the First Amended Complaint states eight counts, and the exhibits are evidence that cannot be shortened by rewording. Part V of the Memorandum in Support states the grounds.

12. Plaintiff asks the Court to confirm that the First Amended Complaint is filed as a matter of course or, in the alternative, to grant leave; to allow RiderTainment LLC to join as a plaintiff on Count VII under Rules 20(a) and 21; to allow the additional pages under Local Rule 103.1.d; if leave is granted, to direct the Clerk to file the First Amended Complaint as of the date of the Order and to deem it served on that date, as Local Rule 103.6.a provides; to sever Count VII and Count VIII from Counts I through VI under Rule 21; to direct the Clerk to assign each severed count its own civil action number and to allow Plaintiff to proceed without prepaying fees or costs in the severed action on Count VIII, or to file his application within ninety (90) days, as stated in paragraph 10B; and to stay the severed actions as stated in paragraph 10A.

Respectfully submitted,

______________________________

Steven Anthony Goforth
2026-28 Declared Congressional Candidate
United States House of Representatives
Virginia's 10th Congressional District
FEC Committee ID: C00941302
FEC Candidate ID: H6VA10241
42020 Village Center Plaza, Suite 120-721
Aldie, Virginia 20105
Campaign: campaign@stevengoforth.com
Case and Service: theuppityninja@gmail.com

Date: 11-10-2026