**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

STEVEN ANTHONY GOFORTH,

Plaintiff,

v.

LYFT, INC.,

Defendant.

Civil Action No. 8:26-cv-01610-DKC

**JURY TRIAL DEMANDED**
Hon. Deborah K. Chasanow

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

## INTRODUCTION

Plaintiff Steven Anthony Goforth, appearing pro se, submits this memorandum under Local Rule 105.1 in support of his First Amended Complaint, which he may file as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) or, in the alternative, with leave under Rule 15(a)(2).

Plaintiff alleges that Lyft wrongfully deactivated his driver account on a passenger's alleged report, in breach of the notice-and-cure terms it wrote into its own contract. It kept the account closed for 185 days, then overturned the decision on the same record. Those 185 days cost him his income and his housing, drove him into his vehicle, and caused, or substantially aggravated, a lumbar spinal condition, and the Social Security Administration has found him disabled. The First Amended Complaint states each harm in its own count, with facts taken largely from Lyft's own messages and from the Terms Lyft itself filed (ECF 20-4). It adds two counts: Count VII, the claim of RiderTainment LLC that Lyft's tortious interference destroyed its business, and Count VIII, Plaintiff's claim that Lyft discriminated against him and denied him notice and his app data. Plaintiff asks the Court to sever both counts, as Part IV explains.

## BACKGROUND

Plaintiff filed this action on April 24, 2026 (ECF 1). The Court stayed it until September 29, 2026 (ECF 16 at 2, paragraphs 2 and 4) and referred it to Magistrate Judge Sullivan for alternative dispute resolution (ECF 18 at 1 to 2; ECF 19 at 1). Defendant moved to stay proceedings and compel arbitration (ECF 20), Plaintiff opposed (ECF 21), Defendant replied (ECF 23), and Plaintiff moved for leave to file a surreply (ECF 24). Defendant has not filed an answer, and the Court has not entered a scheduling order.

The First Amended Complaint restates Counts I through VI, adds facts, and adds Count VII, Business Destruction: Tortious Interference, and Count VIII, Discrimination by Lyft. It adds one party, RiderTainment LLC, as plaintiff on Count VII only. The Complaint already pleaded that Plaintiff operated a technology business for rideshare passengers that depended on his ability to drive (ECF 1 at 2, paragraph 10), and it listed "destruction of his business" among his damages (ECF 1 at 5, paragraph 35). Count VII states that loss as its own count. The newly added exhibits are listed in the Exhibit Index.

## ARGUMENT

### I. Plaintiff May Amend as a Matter of Course, and in the Alternative Leave Should Be Freely Given

Rule 15(a)(1)(B) allows a party to amend once as a matter of course up to 21 days after service of a responsive pleading or of a motion under Rule 12(b), (e) or (f), whichever is earlier. Lyft has served neither. Its only filing directed to the Complaint is a motion to stay proceedings and compel arbitration (ECF 20), which Lyft describes as a motion for "a stay under 9 U.S.C. § 3, not dismissal" (ECF 23 at 2), and its reply (ECF 23) is neither a responsive pleading nor a Rule 12 motion. Before the 2009 amendment to Rule 15, the Fourth Circuit stated the rule this way: "A plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The Court has entered no scheduling order. Its orders of September 15, 2026 (ECF 18, ECF 19) refer

the action to Magistrate Judge Sullivan and set no deadline for amending pleadings, and under Local Rule 104.4 discovery does not commence until a scheduling order is entered.

In the alternative, Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." In this Circuit, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber, 438 F.3d at 426 (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). The Supreme Court lists undue delay, bad faith or dilatory motive, repeated failure to cure, undue prejudice and futility. Foman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit describes this as "this Circuit's policy to liberally allow amendment." Abdul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (quoting Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010)). Because no scheduling order has issued, the "good cause" standard that applies "after the deadlines provided by a scheduling order have passed" does not apply. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).

**II. The Amendment Is Sought in Good Faith and Works No Prejudice**

Plaintiff seeks to state his claims completely and accurately. The defendant, the events and the conduct are the same. Prejudice "will often be determined by the nature of the amendment and its timing." Laber, 438 F.3d at 427. As to nature, the new facts come from Lyft's own messages and Terms, which Lyft wrote and holds, and from Plaintiff's own business, which the Complaint already identified. As to timing, the case is at the pleading stage: Defendant has not answered, no scheduling order has issued, no discovery has begun, and the case has not gone beyond the briefing of ECF 20. Under Local Rule 103.6.a the First Amended Complaint is deemed served on the date leave is granted, and Rule 15(a)(3) gives Defendant the time it provides to respond.

### III. Every Count Rests on the Same Conduct, and the Motion Complies with Local Rule 103.6

Counts I through VI rest on Lyft's hold on Plaintiff's account on April 25, 2023, the wrongful deactivation that followed, and what Lyft did and did not do over the next 185 days. The Complaint pleaded that conduct (ECF 1 at 2, paragraph 12) and the damages that followed (ECF 1 at 5, paragraph 35). Count VII arises from the same deactivation and is brought by RiderTainment LLC. Count VIII arises from Lyft's treatment of Plaintiff before, during and after the deactivation and is brought by Plaintiff. Rule 21 provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The amendment adds one party, RiderTainment LLC, on Count VII only. Rule 20(a)(1) provides that persons "may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Plaintiff appears without counsel, and "[a] document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The motion complies with Local Rule 103.6: the original of the proposed pleading accompanies it (103.6.a), only newly added exhibits are attached (103.6.b), Rule 103.6.c does not apply because the Complaint was filed by a self-represented party, and the motion states Plaintiff's position on consent (103.6.d). Local Rule 103.6.d asks that the motion state whether the consent of other counsel has been obtained. Plaintiff is self-represented. On November 2, 2026, at 9:22 PM and again at 9:40 PM Central Time, Plaintiff emailed defense counsel Sarah A. Belger of Holland & Knight LLP, with a copy to a second attorney of that firm, about service of papers in this case by email. The first email asked that Plaintiff be served by email. The second gave Plaintiff's written consent to be served by email and asked for defense counsel's written consent to the same. Plaintiff received no reply to either email. On November 10, 2026, at 1:06 pm Central Time, Plaintiff emailed Ms. Belger to ask whether Defendant consents to the

filing of the First Amended Complaint. As of the filing of this motion, Plaintiff has received no response to that email. Consent has therefore not been obtained.

**IV. Counts VII and VIII Should Be Severed Under Rule 21, with Their Own Case Numbers, a Provision for In Forma Pauperis Status, and a Stay**

Count VII has its own plaintiff, its own subject and its own proof. Its plaintiff is RiderTainment LLC, a Florida limited liability company whose Controlling Member is Plaintiff (First Amended Complaint ¶¶ 7A, 13, 78; Plaintiff's Exhibit 3). Its subject is Lyft's tortious interference with, and the destruction of, the business: the Rideshare DJ app, the RideShare Radio Network, the company's records, and the business plan for its driverless version. Count VIII has its own subject and its own proof: how Lyft treated Plaintiff on the basis of race and disability, and the app data and notice he was denied, under the Maryland and federal public-accommodation and civil-rights statutes the count cites. Counts I through VI concern the deactivation, the Terms and the injury it caused. Rule 21 provides that "[t]he court may also sever any claim against a party." Fed. R. Civ. P. 21. Plaintiff asks the Court to sever Counts VII and VIII from Counts I through VI under that rule. He does not ask the Court to dismiss either count, and he asks that each severed count proceed under its own civil action number, related to this action under Local Rule 103.1.b.

Under Local Rule 101.1.a, an individual may represent himself, but a party that is not an individual may appear only through counsel. A corporation "may appear in the federal courts only through licensed counsel," and "the rationale for that rule applies equally to all artificial entities." Rowland v. California Men's Colony, 506 U.S. 194, 201 to 02 (1993). Plaintiff, who appears pro se, does not represent RiderTainment LLC and signs nothing on its behalf. He is a witness on Count VII, including on damages. RiderTainment LLC will appear through counsel, in this action or in the severed action.

On severance, Plaintiff asks that the Clerk assign each severed count its own civil action number, and that he be allowed to proceed in the severed action on Count VIII, in which he is the

plaintiff, without prepaying fees or costs under 28 U.S.C. § 1915(a)(1), on the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Form AO 239, which he will file with the Clerk. In the alternative, he asks to file that application within ninety (90) days after the Clerk assigns the number. Section 1915(a) applies to individuals only, Rowland, 506 U.S. at 201 to 06, so Plaintiff makes this request only for himself. Ninety days lets the severed actions run congruent with this action, given Plaintiff's current timeline and activities. RiderTainment LLC will address its own filing fee through counsel.

Plaintiff also asks that the severed actions be stayed in conjunction with discovery in this action, which proceeds on Counts I through VI, and/or his surgery and recovery, for as long as his medical professionals find feasible. In its Order of September 15, 2026 (ECF 18 at 1), the Court noted that Plaintiff "does intend to file a second motion to stay for his surgery and recovery period." In the severed actions Plaintiff may appear as a party or as a witness.

## V. Additional Pages Are Warranted Under Local Rule 103.1.d

Local Rule 103.1.d provides that pleadings "shall not exceed forty (40) pages in length" and that, "[i]n extraordinary circumstances, parties may seek leave of Court to amend or supplement the initial pleading with additional pages." Plaintiff seeks that leave. The First Amended Complaint is 52 pages. Counted together with the 48-page Exhibit package (the Exhibit Index, Plaintiff's Exhibits 1 to 5 and their tab pages), the filing is 100 pages, 60 over the forty. The circumstances are extraordinary for three reasons. First, Local Rule 103.1.c requires a pleading to "set forth each count separately and provide a clear statement of the supporting facts for each count," and the First Amended Complaint states eight counts. Second, what Lyft's deactivation took reaches Plaintiff's income, his housing, his health and his business, and each count states its own facts. Third, the exhibits are evidence, not argument: Lyft's own messages in timeline form, the Social Security Administration's notice, and the company's records. Rewording cannot shorten them. Plaintiff has already reduced the pleading to what the counts need and asks for leave to file it at this length.

## CONCLUSION

Plaintiff asks the Court to confirm that the First Amended Complaint is filed as a matter of course or, in the alternative, to grant leave under Rule 15(a)(2); to allow RiderTainment LLC to join as a plaintiff on Count VII under Rules 20(a) and 21; to allow the additional pages under Local Rule 103.1.d; if leave is granted, to direct the Clerk to file the First Amended Complaint as of the date of the Order and to deem it served on that date under Local Rule 103.6.a; to sever Count VII and Count VIII from Counts I through VI under Rule 21, with each severed count assigned its own civil action number; to allow Plaintiff to proceed without prepaying fees or costs in the severed action on Count VIII, or to file his application within ninety (90) days; and to stay the severed actions as stated in Part IV.

Respectfully submitted,

Steven Anthony Goforth
2026-28 Declared Congressional Candidate
United States House of Representatives
Virginia's 10th Congressional District
FEC Committee ID: C00941302
FEC Candidate ID: H6VA10241
42020 Village Center Plaza, Suite 120-721
Aldie, Virginia 20105
Campaign: campaign@stevengoforth.com
Case and Service: theuppityninja@gmail.com

Date: 11-10-2026