**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| STEVEN ANTHONY GOFORTH, | ) | Civil Action No. 8:26-cv-01610-DKC |
| | ) | |
| *Plaintiff*, | ) | Judge Deborah K. Chasanow |
| | ) | |
| v. | ) | |
| | ) | |
| LYFT, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**DEFENDANT LYFT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY**

Defendant Lyft, Inc. ("Lyft"), by counsel, submits this Opposition and supporting memorandum under Local Rules 105.1 and 105.2(a) to Plaintiff Steven Anthony Goforth's Motion for Leave to File a Surreply (ECF 24) and its accompanying Memorandum (ECF 24-1), Declaration (ECF 24-2), and proposed Surreply (ECF 24-3).

**INTRODUCTION**

Local Rule 105.2(a) is direct: "Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Loc. R. 105.2(a) (D. Md. 2025). Plaintiff asks the Court to depart from that rule on the theory that Lyft's Reply (ECF 23) presented four "new" matters. None is new. The first three—the Supplemental Declaration's description of the channels through which Plaintiff accepted the December 2022 Terms, the December 13, 2024 Terms, and the so-called "correction" of the Original Declaration—are direct responses to points Plaintiff himself raised in his Opposition (ECF 21). Indeed, Plaintiff filed the December 13, 2024 Terms himself, as Exhibit 2 to his Opposition (ECF 21-1). The fourth—an "opt-out" email dated October 7, 2026—is Plaintiff's own document. He sent it at 3:37 a.m. on the same day he filed his Opposition and

signed a sworn declaration describing only three opt-out notices. (ECF 24-2, Ex. 1, at 7; ECF 21; ECF 21-4 ¶ 2 & p. 5.) A party cannot be "unable to contest" a matter he created, possessed, and chose to withhold from his own brief. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).

The proposed Surreply confirms that leave is unwarranted. It re-argues the supersession theory that was the centerpiece of Plaintiff's Opposition and then advances theories Plaintiff never raised—a "material changes" argument, an "illusory" assent argument, and a "bait and switch" challenge to a promotional banner on Lyft's homepage—all built on materials that were available to him before he filed his Opposition. (ECF 24-3 at 5–6, 9–14; ECF 24-2 ¶¶ 10–13). Plaintiff's ancillary requests for a preservation order, an "amended declaration," and a "candor" admonition are not proper subjects of a motion for leave to file a surreply and are, in any event, unfounded. The Motion should be denied.

## BACKGROUND

### A. Lyft's Motion to Compel Arbitration.

On September 29, 2026, Lyft moved to compel arbitration and stay this action. (ECF 20; ECF 20-2.) Lyft's motion established that Plaintiff accepted Lyft's Terms of Service last updated December 12, 2022 (the "December 2022 Terms") on January 4, April 16, and May 24, 2023, and did not opt out within thirty days of any acceptance. (ECF 20-2 at 3–6; Lieu Decl., ECF 20-3 ¶¶ 9–10.) The December 2022 Terms and the February 9, 2026 Terms (the "February 2026 Terms") each provide that a driver who has previously agreed to an arbitration provision "may opt out of any revisions to [his] prior arbitration agreement," but that "opting out of this arbitration provision has no effect on any previous, other, or future arbitration agreements that you may have with Lyft." (ECF 20-3 ¶¶ 11–12; ECF 20-4, Ex. A § 17(l).) Lyft's records reflected opt-out notices dated

December 19, 2024, March 3, 2026, and April 7, 2026—the same three notices Plaintiff alleged in his Complaint. (ECF 20-2 at 13; ECF 20-3 ¶ 13, Ex. D; Compl. ¶ 34.)

### B. **Plaintiff's Opposition.**

Plaintiff filed his Opposition on October 7, 2026. (ECF 21.) He argued that the entire-agreement sentence in the February 2026 Terms superseded the December 2022 Terms (id. at 1–2, 5–8), invoked *Ford v. Antwerpen Motorcars Ltd.* (id. at 5-7), addressed the December 2022 Terms' sentence regarding a "renewed opportunity to opt out" (id. at 9), and argued that Lyft had not filed the December 13, 2024 Terms (id. at 2, 10). He attached the December 13, 2024 Terms himself as Exhibit 2, together with a chart comparing the December 2022, December 2024, and February 2026 versions. (ECF 21-1; ECF 21-4 ¶ 7.) He also argued that paragraph 10 of the Lieu Declaration described all three 2023 acceptances as occurring "in the manner described above," even though Lyft's acceptance records showed that the April 16, 2023 acceptance occurred through the website and the May 24, 2023 acceptance through the Rider App. (ECF 21 at 10.) Plaintiff supported his Opposition with a declaration executed on October 7, 2026, attesting that he sent opt-out emails on "December 19, 2024, March 3, 2026, and April 7, 2026." (ECF 21-4 ¶ 2 & p. 5.)

### C. **Lyft's Reply.**

Lyft replied on October 21, 2026. (ECF 23.) Responding to Plaintiff's point about paragraph 10 of the Lieu Declaration, Lyft acknowledged that "Plaintiff correctly observes" the distinction and submitted a short Supplemental Declaration that "clarif[ies]," "as reflected in Exhibit B to the Original Declaration," the channel for each 2023 acceptance. (ECF 23 at 9; ECF 23-1 ¶¶ 3–5.) Lyft explained that the clarification "does not affect the outcome" because the January 4, 2023 acceptance occurred through the driver app—" a channel Plaintiff does not

challenge." (ECF 23 at 9.) Responding to Plaintiff's point that Lyft had not filed the December 13, 2024 Terms, Lyft attached them "for the Court's reference." (ECF 23 at 7 n.2; ECF 23-1 ¶ 6; ECF 23-2.) And responding to Plaintiff's "detailed account of when and how he sent" his notices (ECF 21 at 3; ECF 21-4 ¶¶ 2–4), Lyft stated that it "received all three opt-out notices and does not question their authenticity." (ECF 23 at 2.)

### D. **Plaintiff's Motion for Leave.**

On October 28, 2026, Plaintiff moved for leave to file a seventeen-page Surreply. (ECF 24; ECF 24-3.) He identifies four supposedly new matters: (1) the Supplemental Declaration's account of the 2023 acceptance channels; (2) the December 13, 2024 Terms; (3) the "correction" of the Original Declaration; and (4) Lyft's reference to "all three" opt-out notices, which Plaintiff says omitted a fourth notice dated October 7, 2026. (ECF 24 at 1–2; ECF 24-1 at 2–3.) Plaintiff's new declaration states that on October 5 and 6, 2026, he "used the Lyft website and the Lyft Rider App on purpose, so that [he] could accept Lyft's most current Terms of Service and then send a written arbitration opt-out notice," and that he sent that notice on October 7, 2026. (ECF 24-2 ¶¶ 5–6.) The email bears a timestamp of "Wed, Oct 7, 2026 at 3:37 AM." (ECF 24-2, Ex. 1, at 7.) Plaintiff also asks the Court to order Lyft to preserve or restore its homepage, to file an amended declaration, and to "[r]emind" Lyft and its counsel of their duty of candor. (ECF 24 at 3.)

## LEGAL STANDARD

"Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Loc. R. 105.2(a). "Surreplies are highly disfavored in this District." *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015). A surreply may be permitted only "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x

960 (4th Cir. 2004). Conversely, a surreply "is generally not permitted where the reply is merely responsive to an issue raised in the opposition." *Brito v. Major Energy Elec. Servs., LLC*, 526 F. Supp. 3d 95, 104 (D. Md. 2021) (citing *Khoury*, 268 F. Supp. 2d at 605–06). Where "the arguments made by [the defendant] in [its] reply brief are merely responses to new arguments made by [the plaintiff] in [his] response," a surreply is inappropriate. *Clear Channel Outdoor, Inc. v. Mayor & City Council of Balt.*, 22 F. Supp. 3d 519, 529 (D. Md. 2014) (quotation omitted); *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015). The movant "must show the need to file a surreply"; the absence of prejudice to the opposing party "is not the standard." *Friends of Lubavitch v. Baltimore County*, 421 F. Supp. 3d 146, 158 n.7 (D. Md. 2019). And a surreply may not be used to present arguments or materials that the movant could have included in his opposition. *Roach*, 165 F. Supp. 3d at 351; *Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549–50 (D. Md. 2021).

## ARGUMENT

### I. LYFT'S REPLY RAISED NO NEW MATTER; EACH ITEM PLAINTIFF IDENTIFIES RESPONDED DIRECTLY TO HIS OPPOSITION.

#### A. The Supplemental Declaration and the so-called "correction" answered Plaintiff's own argument.

Plaintiff's first and third "new" matters are the same thing. Plaintiff's Opposition argued that paragraph 10 of the Lieu Declaration described all three 2023 acceptances as occurring "in the manner described above," while Exhibit B showed website and Rider App entries. (ECF 21 at 10.) Lyft's Reply acknowledged the point and supplied a two-page Supplemental Declaration clarifying—"as reflected in Exhibit B to the Original Declaration," a document Plaintiff has had since September 29—the channel for each acceptance. (ECF 23 at 9; ECF 23-1 ¶ 3.) That is the definition of a responsive reply. Where a defendant's reply challenges "a matter first introduced

by Plaintiff," the plaintiff "had the opportunity to support" his position in the opposition, and "a surreply would not provide Plaintiff with her first chance to address the issue." *Khoury*, 268 F. Supp. 2d at 606 (denying leave). This Court has denied leave even where the reply was accompanied by new declarations "prepared by Defendant after reviewing the [plaintiff's] opposition," because the reply's arguments and evidence were "more correctly characterized as responsive arguments to the claims raised in the [plaintiff's] opposition brief." *Freeman*, 961 F. Supp. 2d at 801 (denying leave). And a surreply aimed at correcting a party's perceived "misrepresentations" of the record "does not address a new matter." *Khoury*, 268 F. Supp. 2d at 606; *see Freeman*, 961 F. Supp. 2d at 802.

The clarification, moreover, is immaterial. Lyft's motion rests on the January 4, 2023 acceptance through the driver app, a channel Plaintiff has never challenged, coupled with the absence of any opt-out within thirty days. (ECF 23 at 9; ECF 20-3 ¶¶ 7–10.) Nothing in the proposed Surreply disputes that acceptance. A surreply directed at material that does not bear on the outcome serves no purpose. *See Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013) (denying leave where "the surreply would not alter the Court's analysis").

### B. Plaintiff cannot be "unable to contest" the December 13, 2024 Terms—he filed them himself.

Plaintiff's second "new" matter is the December 13, 2024 Terms. (ECF 24-1 at 3.) But Plaintiff placed that document before the Court first: he filed it as Exhibit 2 to his Opposition, authenticated it in his declaration, and charted its provisions against the December 2022 and February 2026 versions, concluding that "[t]he language on which both sides rely did not change between them." (ECF 21-1; ECF 21-4 ¶ 7.) His proposed Surreply even cites his own Exhibit 2. (ECF 24-1 at 10 (citing "ECF 21-1, Exhibit 2 at 4").) Lyft attached an official copy only because

Plaintiff had faulted Lyft for not filing it, and expressly noted that it was provided "for the Court's reference." (ECF 23 at 7 n.2.) A plaintiff who introduced and briefed a document cannot claim that a reply's reference to it deprived him of a chance to respond. *See Brito*, 526 F. Supp. 3d at 104 (denying leave where plaintiff attempted "to recast" the defendant's response to her opposition "as a new argument"); *Clear Channel*, 22 F. Supp. 3d at 529 (denying leave where reply arguments "respond directly to those [plaintiff] makes in its response").

### C. Lyft's reference to "all three" notices responded to the three notices Plaintiff put at issue.

Plaintiff's fourth matter is Lyft's statement that it "received all three opt-out notices." (ECF 24-1 at 3.) That sentence responded to Plaintiff's "detailed account of when and how he sent them" in his Opposition and declaration. (ECF 23 at 2 (citing ECF 21 at 3; ECF 21-4, Ex. 4 ¶¶ 2–4).) The "three" notices were the notices identified in Plaintiff's Complaint, Lyft's motion, Plaintiff's Opposition, and Plaintiff's own sworn declaration. (Compl. ¶ 34; ECF 20-3 ¶ 13; ECF 21 at 3; ECF 21-4 ¶ 2.) Lyft's acknowledgment of facts Plaintiff himself placed at issue is not new matter. *Khoury*, 268 F. Supp. 2d at 606. Plaintiff's real objection is to what the Reply did not say: it did not mention the October 7 email. But a surreply is reserved for "matters presented to the court for the first time in the opposing party's reply." Id. at 605. A document the Reply never mentioned cannot be one of those matters.

## II. PLAINTIFF KNEW OF THE OCTOBER 5–7 EVENTS WHEN HE FILED HIS OPPOSITION AND CHOSE NOT TO RAISE THEM.

The October 7 email is the heart of the proposed Surreply, and the record forecloses any claim that Plaintiff lacked an opportunity to address it. By his own account, Plaintiff used Lyft's website and Rider App "on purpose" on October 5 and 6, 2026, to accept the current Terms so he could send another opt-out notice. (ECF 24-2 ¶ 5.) He sent that notice at 3:37 a.m. on October 7,

2026. (ECF 24-2, Ex. 1, at 7.) He filed his Opposition that same day. (ECF 21.) And that same day he executed a sworn declaration listing only three opt-out emails—December 19, 2024, March 3, 2026, and April 7, 2026—without mentioning the email he had sent hours earlier. (ECF 21-4 ¶ 2 & p. 5.) Plaintiff concedes that "[t]he timing was deliberate." (ECF 24-1 at 4.)

Courts in this District consistently deny leave in exactly this circumstance. In *Reamer*, the court denied leave because "[n]othing prevented the plaintiff from including the argument" in her complaint or opposition. 556 F. Supp. 3d at 550. In *Roach*, the court denied leave because "[h]ad Plaintiff wished to present this novel argument, she should have done so in her opposition brief, thereby giving Defendant due notice and an opportunity to reply." 165 F. Supp. 3d at 351. In *Marshall v. Capital View Mutual Homes*, the court denied a pro se plaintiff's motion because she "was on notice" of the issue "and yet she failed to address this matter in her Response," and was "attempting instead to assert and support [it] for the first time in a surreply, when Defendants would have no opportunity to respond." No. RWT-12-3109, 2013 WL 3353752, at *3* (D. Md. July 2, 2013). Plaintiff "did not lack a chance to respond"; he "simply squandered [his] chance, and cannot now claim prejudice." *Freeman*, 961 F. Supp. 2d at 801. Nor should the Court consider the new declaration Plaintiff appends to his motion. *See Brito*, 526 F. Supp. 3d at 113 (declining to consider declaration appended to proposed surreplies "because I have resolved to deny plaintiff's motion for leave to file surreplies").

These facts also dispose of Plaintiff's accusation that Lyft "withheld" the October 7 email and that its declarant's omission was "direct and purposeful." (ECF 24-1 at 3, 5–6.) The Original Declaration was executed on September 29, 2026—before the October 7 email existed. (ECF 20-3 at 8.) The Supplemental Declaration addressed only the two discrete points Plaintiff raised: the 2023 acceptance channels and the December 13, 2024 Terms. (ECF 23-1 ¶¶ 2–6.) The Reply

addressed the three notices that Plaintiff, in a sworn declaration executed the same day as the October 7 email, told the Court were his notices. (ECF 23 at 2; ECF 21-4 ¶ 2.) Plaintiff's own omission of the email from his own declaration cannot be converted into a basis for charging Lyft with a lack of candor. In any event, Lyft's position does not depend on the number of notices: under Section 17(l), an opt-out by a driver who previously agreed to arbitrate reaches only "revisions" and "has no effect on any previous . . . arbitration agreements." (ECF 20-4, Ex. A § 17(l); ECF 23 at 4.) An additional notice to the same effect would not alter the analysis. *See Chubb*, 919 F. Supp. 2d at 679.

## III. THE PROPOSED SURREPLY RE-ARGUES THE OPPOSITION AND ADVANCES THEORIES THAT PLAINTIFF COULD HAVE RAISED EARLIER.

### A. The supersession argument is a rehash.

The bulk of the proposed Surreply re-argues the supersession theory that anchored the Opposition: that the entire-agreement sentence in Section 22 of the February 2026 Terms superseded the December 2022 Terms, and that *Ford v. Antwerpen Motorcars Ltd.* supports that result. (*Compare* ECF 24-3 at 5–8, *with* ECF 21 at 1–2, 5–8.) Adding dictionary definitions of "other," "supersede," and "understanding" does not make the argument new. (ECF 24-3 at 5–7.) A surreply that seeks "merely to re-open briefing on the issues raised" will be denied. *Dones v. Brennan*, 147 F. Supp. 3d 364, 373 (D. Md. 2015) (quotation omitted); *see In re Pawlak*, 520 B.R. 177, 185 (D. Md. 2014) (denying leave where the movant sought "merely to contest [the opposing party's] arguments . . . which she has already done in the opposition"); *ImPACT Applications, Inc. v. Concussion Mgmt.,* LLC, No. GJH-19-3108, 2021 WL 978823, at 3 (D. Md. Mar. 16, 2021) (denying leave where the reply "only addresse[d] arguments thoroughly discussed" in the opposition). This Court has denied leave in the arbitration context on precisely this basis. *Reed v.*

*LTN Glob. Commc'ns, Inc.*, No. 1:24-cv-03649-JRR, 2025 WL 2653196, at 3 (D. Md. Sept. 16, 2025) (denying leave where reply arguments were "squarely responsive" to the opposition and the proposed surreply "reiterate[d] many of [the plaintiff's] points raised in opposition that do not materially affect the court's analysis").

### B. The remaining arguments are new theories built on materials Plaintiff already had.

The rest of the proposed Surreply presents theories that respond to nothing in the Reply. First, Plaintiff argues that the arbitration provisions changed "materially" between the December 2022 and February 2026 Terms, relying on Sections 17(a), 17(d), 17(f)(7), and 17(h) of the February 2026 Terms. (ECF 24-3 at 9–10.) Those provisions are in the Terms Lyft filed with its motion on September 29. (ECF 20-4.) Plaintiff's Opposition discussed the December 2022 "renewed opportunity" sentence only to argue that it "belongs to the replaced Agreement." (ECF 21 at 9.) Second, Plaintiff contends that Lyft's website "binds visitors before it shows them the Terms" through a promotional banner, relying on Internet Archive captures dated January 1, April 17, and April 25, 2026—months before he filed his Opposition. (ECF 24-3 at 11–14; ECF 24-2 ¶¶ 12–13.) Third, Plaintiff argues for the first time that website assent is "illusory," repurposing *Johnson*, which his Opposition cited only for the proposition that courts decide formation (ECF 21 at 4–5), and adding *Marshall v. Georgetown Memorial Hospital*, 112 F.4th 211 (4th Cir. 2024), which his Opposition did not cite. (ECF 24-3 at 5–6, 11–14.) Each argument "presents an entirely new theory for opposing arbitration," and "[h]ad Plaintiff wished to present this novel argument, [he] should have done so in [his] opposition brief." *Roach*, 165 F. Supp. 3d at 351; *accord Reamer*, 556 F. Supp. 3d at 549–50.

### C. The proposed Surreply would not assist the Court.

Even if the Court were inclined to depart from the briefing schedule, the proposed Surreply "would be of little use." *Roach*, 165 F. Supp. 3d at 351. Plaintiff's website argument concerns a banner offering a discount to "New riders" (ECF 24-2 ¶ 10); it says nothing about the January 4, 2023 driver-app acceptance on which Lyft's motion depends. (ECF 23 at 9; ECF 20-3 ¶¶ 7–10.) And Plaintiff's claim that website visitors are bound "unknowingly and unwittingly" (ECF 24-3 at 13) cannot be squared with his sworn statement that he used the website "on purpose" on October 5, 2026, precisely "so that [he] could accept Lyft's most current Terms of Service." (ECF 24-2 ¶ 5.) Because the proposed Surreply "would not alter the Court's analysis," leave should be denied. *Chubb*, 919 F. Supp. 2d at 679.

## IV. PLAINTIFF'S PRO SE STATUS DOES NOT WARRANT A DEPARTURE FROM LOCAL RULE 105.2(a).

Lyft recognizes that Plaintiff's filings are entitled to liberal construction. But while the Court "is more lenient with pro se litigants," it "cannot carve out a categorical pro se exception" to the surreply standards. *Marshall*, 2013 WL 3353752, at *3 (denying pro se plaintiff's motion for leave). Plaintiff's submissions—which include indexed, tabbed, and cross-referenced exhibits and comparison charts (ECF 21-1; ECF 21-2; ECF 24-2)—reflect that he fully understood the issues and had every opportunity to present his arguments in his Opposition. Lyft opposes the Motion, and permitting a seventeen-page surreply built on Plaintiff's own post-motion conduct would invite an endless cycle of briefing. In *Freeman*, the Court refused to let a party "abuse the sur-reply form" to "move the target yet again." 961 F. Supp. 2d at 802. Plaintiff's Surreply would do exactly that.

## V. PLAINTIFF'S REQUESTS FOR A PRESERVATION ORDER, AN AMENDED DECLARATION, AND A CANDOR ADMONITION SHOULD BE DENIED.

Plaintiff's remaining requests (ECF 24 at 3) seek affirmative relief that has nothing to do with responding to new matter in a reply, and they should be denied for that reason alone. *See Roach*, 165 F. Supp. 3d at 351. Each is also independently unwarranted.

Plaintiff first asks the Court to direct Lyft to preserve or restore its homepage. That request fails at the threshold, because a request for a court order must be made by motion that "state[s] with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B); *see* Loc. R. 105.1. Plaintiff offers no showing that any evidence is at risk, and he has already captured and filed the very homepage images he asks the Court to preserve. (ECF 24-2 ¶¶ 10–13, Ex. 3.) Discovery has not commenced. Loc. R. 104.4. Lyft is aware of and will comply with its preservation obligations under the Federal Rules of Civil Procedure.

Nor should the Court direct Lyft to file an amended declaration, because there is nothing to "correct." The Original Declaration accurately recited Lyft's records as of September 29, 2026, before the October 7 email existed (ECF 20-3 ¶ 13 & p. 8), and the Supplemental Declaration addressed only the two points Plaintiff raised (ECF 23-1 ¶¶ 2–6). Nor is there any mystery about the agreement Lyft seeks to enforce: it is the December 2022 Terms, which Plaintiff accepted through the driver app on January 4, 2023. (ECF 23 at 1–3, 9; ECF 20-3 ¶¶ 9–10.) Plaintiff's demand that Lyft's declarant catalogue every agreement and "entry point" is a discovery request in substance, which is premature under Local Rule 104.4 and duplicates the discovery request Plaintiff made in his Opposition and Lyft addressed in its Reply. (ECF 21 at 11; ECF 23 at 10.)

Finally, the Court should decline Plaintiff's request that it remind Lyft and its counsel of their duty of candor. Plaintiff identifies no false statement of fact or law. Lyft's Reply accurately

responded to the three notices Plaintiff described under oath. (ECF 23 at 2; ECF 21-4 ¶ 2.) Advancing a textual argument that the specific preservation sentence in Section 17(l) survives the general entire-agreement sentence is advocacy, not "bad faith." (ECF 24-1 at 15.) A request that the Court admonish opposing counsel is, in substance, a request for sanctions, and "[t]he Court expects that motions for sanctions will not be filed as a matter of course." Loc. R. 105.8(a).

## CONCLUSION

For these reasons, Lyft respectfully requests that the Court deny Plaintiff's Motion for Leave to File a Surreply (ECF 24) in its entirety, decline to consider the proposed Surreply (ECF 24-3) and the Declaration (ECF 24-2), deny Plaintiff's requests for a preservation order, an amended declaration, and a candor admonition, and decide Lyft's Motion to Compel Arbitration and Stay Proceedings (ECF 20) on the existing briefing. Should the Court be inclined to grant leave in any respect, Lyft respectfully requests leave to file a response, limited to any matter the Court deems new, within fourteen days of the Court's order.

Dated: November 12, 2026

Respectfully submitted,

LYFT, INC., Defendant

/s/ Sarah A. Belger
Sarah A. Belger (Bar No. 1601080001)
HOLLAND & KNIGHT LLP
1650 Tysons Blvd, Suite 1700
Tysons, Virginia 22102
703.720.8587
Sarah.belger@hklaw.com

*Counsel for Defendant Lyft, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2026, a copy of the foregoing was filed with the Clerk of the Court via the CM/ECF system, causing a notice of electronic filing to be served upon all counsel of record. Additionally, I sent a copy by email to:

Steven Anthony Goforth
42020 Village Center Plaza
Suite 120 PMB 721
Aldie, VA 20105
571-591-9341
Theuppityninja@gmail.com

Plaintiff, *pro se*

/s/ Sarah A. Belger
Sarah A. Belger