**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| STEVEN ANTHONY GOFORTH, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 8:26-cv-01610-DKC |
| | ) | |
| v. | ) | |
| | ) | Hon. Deborah K. Chasanow |
| LYFT, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**DEFENDANT LYFT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendant Lyft, Inc. ("Lyft"), by counsel, submits this Opposition and supporting memorandum under Local Rules 105.1 and 105.2(a) to Plaintiff Steven Anthony Goforth's Motion for Leave to File First Amended Complaint (ECF 25) and its accompanying Memorandum (ECF 25-1), exhibits (ECF 25-2), proposed First Amended Complaint (ECF 25-3), and proposed order (ECF 25-4). For the reasons set out below, the Motion should be denied in its entirety.

## TABLE OF CONTENTS

PAGE

INTRODUCTION ....5

BACKGROUND ....6

A. The Arbitration Agreement and Lyft's Fully Briefed Motion ....6

B. The Proposed First Amended Complaint ....7

LEGAL STANDARD ....8

ARGUMENT ....9

I. GOFORTH MAY NOT AMEND AS A MATTER OF COURSE. ....9

A. Lyft's Rule 12(b) Motion Started the 21-Day Period, Which Expired on October 20, 2026 ....9

II. EVERY PROPOSED COUNT MUST BE ARBITRATED, SO THE AMENDMENT IS FUTILE. ....12

A. The Court Should Decide Lyft's Fully Briefed Motion to Compel First. ....12

B. Counts I Through VIII Fall Within the Arbitration Agreement. ....13

C. RiderTainment Cannot Plead Around the Agreement. ....15

III. THE NEW COUNTS FAIL ON THE FACE OF THE FAC. ....16

A. Count VII Is Asserted by an Unrepresented Limited Liability Company. ....16

B. Count 8a Does Not Plausibly Allege That Race Was the But-For Cause of the Deactivation. ....17

C. Counts 8b and 8c Fail as a Matter of Law. ....18

IV. UNDUE DELAY, BAD FAITH, AND PREJUDICE INDEPENDENTLY WARRANT DENIAL. ....19

A. Goforth Offers No Explanation for Adding Long-Known Claims After Full Briefing. ....19

B. The FAC Contradicts the Original Complaint on Core Facts. ....20

C. The FAC Converts Lyft's Arbitration Briefing Into a Claim Against Lyft's Counsel. ....21

D. The Amendment Would Prejudice Lyft. ....21

V. THE ANCILLARY REQUESTS SHOULD BE DENIED. ....22

A. RiderTainment Should Not Be Joined. ....22

B. Severance Is Unwarranted. ....22

C. An Open-Ended Stay of Hypothetical Actions Should Be Denied. ....23

D. Goforth Has Not Shown Extraordinary Circumstances for 60 Excess Pages ....23

VI. GOFORTH'S PRO SE STATUS DOES NOT CHANGE THE RESULT. ................24

CONCLUSION.......................................................................................................24

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adekson v. Comcast Cable Commc'ns, LLC*, 823 F. Supp. 3d 549 (D. Md. 2026).......................15

*Adkins v. Labor Ready, Inc.*, 205 F.R.D. 460 (S.D.W. Va. 2001)....................................13, 15, 22

*Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002)..................................................13, 22

*Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355 (4th Cir. 2012)..........................................10, 11

*Amos v. Amazon Logistics, Inc.*, 74 F.4th 591 (4th Cir. 2023) ......................................................10

*Andresen v. Intepros Fed., Inc.*, No. 15-446 (EGS), 2024 WL 4164660 (D.D.C. Sept. 12, 2024) ..........................................................................................................................................10

*Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49 (2013).....................................................10

*Baker v. Greyhound Bus Line*, 240 F. Supp. 2d 454 (D. Md. 2003)............................................18

*Cephas Logistics v. FLS Transp. Servs. (USA) Inc.*, No. MJM-24-2540, 2025 WL 2676521 (D. Md. Sept. 18, 2025)...............................................................................................................16

*Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327 (2020) .....................17

*Daulatzai v. Maryland*, 606 F. Supp. 3d 252 (D. Md. 2022), *aff'd*, 97 F.4th 166 (4th Cir. 2024).8, 18, 19, 20, 21, 22

*David v. Tesla Inc.*, 720 F. Supp. 3d 390 (D. Md. 2024)...............................................................10

*Doe v. Cmty. Coll. of Balt. Cnty.*, 595 F. Supp. 3d 392 (D. Md. 2022).........................................18

*Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482 (D. Md. 2007)..............................23

*Galloway v. Santander Consumer USA, Inc.*, No. CCB-13-3240, 2014 WL 4384641 (D. Md. Sept. 3, 2014) ...........................................................................................................................12–13

*Garrett v. Monterey Fin. Servs., LLC*, No. JKB-18-325, 2018 WL 3579856 (D. Md. July 25, 2018) ..........................................................................................................................................10

*Green v. Zachry Indus., Inc.*, 36 F. Supp. 3d 669 (W.D. Va. 2014).......................................12, 22

*Jensen v. Klayman*, 115 F. App'x 634 (4th Cir. 2004) ..................................................................10

*Kandavilli v. Gadiyaram*, No. ADC-19-3306, 2020 WL 5076116 (D. Md. Aug. 26, 2020) ..........9

*Katti v. Arden*, 161 F.4th 217 (4th Cir. 2025).................................................................................17

*Keller v. Monroe Cap. Corp.*, No. SAG-25-02474, 2026 WL 1719317 (D. Md. June 15, 2026) ....23–24

*Macher v. Netflix, Inc.*, 684 F. Supp. 3d 509 (W.D. Va. 2023) ....16

*Mesmer v. Rezza*, No. DKC 10-1053, 2011 WL 582578 (D. Md. Feb. 9, 2011)....12, 22

*Mesner v. Fid. Brokerage Servs., LLC*, No. 2:23-CV-00252-JAW, 2023 WL 7002536 (D. Me. Oct. 24, 2023) ....10

*Mullins v. Suburban Hosp. Healthcare Sys., Inc.*, No. PX 16-1113, 2017 WL 3023282 (D. Md. July 17, 2017)....23

*Naden v. Saga Software, Inc.*, 11 F. App'x 381 (4th Cir. 2001)....19

*Nadendla v. WakeMed*, 24 F.4th 299 (4th Cir. 2022) ....17

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993)....16

*Smith v. Spizzirri*, 601 U.S. 472 (2024) ....11, 13

*Stone v. Wells Fargo Bank, N.A.*, 361 F. Supp. 3d 539 (D. Md. 2019) ....10

*Thompson v. Kellogg Brown & Root (KBR)/Halliburton*, No. 3:07CV793, 2008 WL 2019570 (E.D. Va. May 9, 2008)....13

*Willcock v. My Goodness! Games, Inc.*, No. PWG-16-4020, 2018 WL 3970474 (D. Md. Aug. 20, 2018) ....9–10

*Williams v. Cello P'ship*, 825 F. Supp. 3d 551 (D. Md. 2026).... passim

*Williams v. Dee Miracle Auto Grp., LLC*, No. ELH-15-02466, 2016 WL 363829 (D. Md. Jan. 29, 2016) ....16

*Yuzhakov v. Charles River Lab'ys, Inc.*, No. DKC 25-2299, 2026 WL 2333182 (D. Md. Aug. 12, 2026) ....12, 23

**Statutes**

9 U.S.C. § 3....11, 13, 23

28 U.S.C. § 1915(a)(1)....22

42 U.S.C. § 1981....8, 17, 18, 22

42 U.S.C. § 12184(a) ....8, 18

Md. Code Ann., State Gov't § 20-304 ....8, 18

Md. Code Ann., State Gov't § 20-1013 ....18

**Rules**

Fed. R. Civ. P. 10(b) ....23

Fed. R. Civ. P. 12(b) ....6, 7, 8, 9, 10, 11

Fed. R. Civ. P. 15(a)(1)(B) ........................................................................................9, 10, 11
Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment.............................................11
Fed. R. Civ. P. 15(a)(2)...............................................................................................8, 12
Fed. R. Civ. P. 20........................................................................................................12, 22
Fed. R. Civ. P. 21...............................................................................................................22
Loc. R. 101.1.a (D. Md. 2025)......................................................................................15, 24
Loc. R. 103.1.c (D. Md. 2025)..............................................................................................24
Loc. R. 103.1.d (D. Md. 2025)...................................................................................5, 12, 23

## INTRODUCTION

Plaintiff Steven Anthony Goforth agreed to arbitrate "all disputes and claims" with Lyft, Inc. ("Lyft"), including claims arising from "the threatened or actual suspension, deactivation or termination" of his account, claims of "discrimination," claims under the "Americans With Disabilities Act," and "all other federal and state statutory and common law claims." ECF 20-3 ¶ 10. Lyft moved to compel arbitration and stay this action on September 29, 2026. ECF 20. That motion has been fully briefed since October 21, 2026. ECF 21; ECF 23. Goforth then sought leave to file a surreply, which Lyft has opposed. ECF 24; ECF 26. On November 10, 2026, forty-two days after Lyft served its motion and two days before Lyft filed that opposition, Goforth submitted a 52-page proposed First Amended Complaint ("FAC") with a 48-page exhibit package. ECF 25 ¶ 11; ECF 25-2; ECF 25-3.

The FAC does not change the forum. It rewrites Counts I through VI, which still arise from the April 25, 2023 hold on Goforth's driver account. FAC ¶¶ 72–77J. It adds Count VII, a tortious-interference claim belonging to RiderTainment LLC, a single-member company that has no counsel of record. *Id.* ¶¶ 7A, 78. It adds Count VIII, which recasts the same deactivation as race and disability discrimination and attempts to turn Lyft's arbitration briefing in this Court into a

claim. *Id.* ¶¶ 82–85D. Goforth then asks the Court to split the new counts into two new civil actions, waive or defer fees, stay those actions indefinitely, and accept 60 pages beyond the limit in Local Rule 103.1.d. ECF 25 ¶¶ 10–12.

The Court should deny the motion. Goforth cannot amend as a matter of course, because Lyft's motion under Rule 12(b) started the 21-day clock and the clock expired on October 20, 2026. Leave should be denied because every proposed count must be arbitrated, RiderTainment cannot appear without counsel, and the new federal and Maryland statutory theories fail on the face of the FAC. The timing of the amendment, its contradictions of the original Complaint, and its use of this Court's arbitration briefing as a new claim independently show undue delay, bad faith, and prejudice. The requests for joinder, severance, fee relief, a stay, and excess pages fail on their own terms.

## BACKGROUND

### A. The Arbitration Agreement and Lyft's Fully Briefed Motion

Goforth signed up to drive on the Lyft platform on October 2, 2016, and accepted Lyft's Terms of Service many times afterward, including the Terms last updated December 12, 2022 (the "December 2022 Terms"), which he accepted on January 4, April 16, and May 24, 2023. ECF 20-3 ¶¶ 9–10. Lyft's records reflect no opt-out notice within 30 days of any of those acceptances. *Id.* ¶ 10. The December 2022 Terms require that "ALL DISPUTES AND CLAIMS BETWEEN US" be "EXCLUSIVELY RESOLVED BY BINDING ARBITRATION." *Id.* Covered claims include those "arising out of or relating to" the Agreement, "your relationship with Lyft, the threatened or actual suspension, deactivation or termination of your User Account," "unfair competition," "wrongful termination, discrimination," "emotional distress," "breach of any express or implied contract or covenant," and claims under the "Civil Rights Act of 1964, Americans With

Disabilities Act, . . . and state statutes, if any, addressing the same or similar subject matters, and all other federal and state statutory and common law claims." *Id.*

The opt-out provision is limited. A driver who "ha[s] previously agreed to such an arbitration provision" may opt out only "of any revisions to your prior arbitration agreement," and "opting out of this arbitration provision has no effect on any previous, other, or future arbitration agreements." *Id.* ¶ 11. Goforth's first opt-out notice is dated December 19, 2024, more than eighteen months after his last acceptance of the December 2022 Terms. *Id.* ¶ 13.

Goforth filed this action on April 24, 2026. ECF 1. Every count arose from the April 25, 2023 deactivation of his driver account. *Id.* ¶¶ 12, 36–66. He alleged that the deactivation also caused the "destruction of his business, Ridertainment Global." *Id.* ¶¶ 10, 35. On September 29, 2026, Lyft moved to stay proceedings and compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"), and Rule 12(b) of the Federal Rules of Civil Procedure, and served the motion on Goforth by email the same day. ECF 20 at 1–2. Goforth opposed on October 7, 2026. ECF 21. Lyft replied on October 21, 2026. ECF 23. Goforth moved for leave to file a surreply on October 28, 2026, and Lyft opposed that motion on November 12, 2026. ECF 24; ECF 26.

## B. The Proposed First Amended Complaint

Goforth filed his motion and the FAC on November 10, 2026. ECF 25; ECF 25-3. He emailed Lyft's counsel to ask for consent that same day and filed before receiving a response. ECF 25 ¶ 7. Lyft does not consent.

The FAC restates Counts I through VI. FAC ¶¶ 72–77J. It adds Count VII, "the claim of RiderTainment LLC," a Florida limited liability company organized in March 2021 whose "sole member" is Goforth. *Id.* ¶¶ 7A, 13, 78. Goforth "does not represent [it] and signs nothing on its

behalf," and the company "will appear through counsel." *Id.* ¶ 78. No attorney has appeared for it. Count VII alleges that "Lyft's wrongful deactivation cut the company off from the rides in which its product was tested, demonstrated and sold." *Id.* ¶ 80A. The FAC also adds Count VIII, which asserts race discrimination under 42 U.S.C. § 1981 and Maryland Code, State Government § 20-304 (Count 8a), disability discrimination under 42 U.S.C. § 12184(a) and § 20-304 (Count 8b), and "denial of notice and app data" (Count 8c). *Id.* ¶¶ 82–85D. Count 8c rests in part on Lyft's October 21, 2026 reply brief and supplemental declaration in this case. *Id.* ¶¶ 85A–85B. The FAC accuses Lyft's counsel and its declarant of an "omission" that "suppressed a notice that goes to the arbitration question before the Court." *Id.* ¶ 71A. The exhibit index lists both of them in an "Individual Violator Summary." ECF 25-2 at 2.

**LEGAL STANDARD**

After the time to amend as a matter of course has passed, a party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave is properly denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Williams v. Cello P'ship*, 825 F. Supp. 3d 551, 559 (D. Md. 2026) (internal quotation marks omitted). The decision "rests in this Court's discretion." *Id.* An amendment is futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Id.* at 563 (internal quotation marks omitted). That includes a pleading that would not survive a Rule 12(b)(6) motion, *Daulatzai v. Maryland*, 606 F. Supp. 3d 252, 266 (D. Md. 2022), *aff'd*, 97 F.4th 166 (4th Cir. 2024), and one whose claims must be arbitrated whatever the pleading says, *Williams*, 825 F. Supp. 3d at 563–64. A pro se

pleading is construed liberally, but "[t]his leniency has its limits"; a court "may not construct the plaintiff's legal arguments for him." *Id.* at 559 (internal quotation marks omitted).

## ARGUMENT

### I. GOFORTH MAY NOT AMEND AS A MATTER OF COURSE.

#### A. Lyft's Rule 12(b) Motion Started the 21-Day Period, Which Expired on October 20, 2026.

Goforth seeks to amend as a matter of course too late. A party may amend once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Lyft brought its motion "pursuant to . . . Rule 12(b) of the Federal Rules of Civil Procedure." ECF 20 at 1. Lyft served the motion on September 29, 2026. *Id.* at 2. The 21-day period therefore ended on October 20, 2026. Goforth submitted the FAC on November 10, 2026, forty-two days later. ECF 25.

This Court reached the same result in *Kandavilli v. Gadiyaram*. There, the plaintiff tried to amend "as a matter of course" after the defendants filed a motion to compel arbitration and a partial motion to dismiss under Rule 12(b)(6). No. ADC-19-3306, 2020 WL 5076116, at *2 (D. Md. Aug. 26, 2020). The court held that the attempt was "untimely" because "[i]t was upon the filing of Defendants' first motion that Plaintiff's clock to amend as a matter of course began ticking." *Id.* From then on, the plaintiff could amend "only . . . with Defendants' written consent or by leave of the Court," and the court denied leave. *Id.* Rule 15(a)(1)(B) is triggered by service of "a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). It does not depend on which subsection of Rule 12(b) the motion invokes.

Nor does it matter which subsection of Rule 12(b) best describes Lyft's motion. Judges of this Court have decided motions to dismiss or stay in favor of arbitration under each of Rules 12(b)(1), (3), and (6). *Willcock v. My Goodness! Games, Inc.*, No. PWG-16-4020, 2018 WL

3970474, at *3 (D. Md. Aug. 20, 2018) ("This Court has considered motions to dismiss in favor of arbitration under Rules 12(b)(1), (3), and (6)."). One judge described the choice of subsection as "academic" because the motion should be granted "under either Rule." *Garrett v. Monterey Fin. Servs., LLC*, No. JKB-18-325, 2018 WL 3579856, at *2 (D. Md. July 25, 2018). The Fourth Circuit has likewise affirmed a dismissal entered, in the alternative, under Rule 12(b)(1) "because of the parties' agreement to arbitrate the dispute." *Jensen v. Klayman*, 115 F. App'x 634, 634 (4th Cir. 2004). Each of those vehicles is "a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). More recently, the Fourth Circuit has stated that "arbitration clauses are enforced in court by way of Federal Rule of Civil Procedure 12(b)(3) motions to dismiss for improper venue." *Amos v. Amazon Logistics, Inc.*, 74 F.4th 591, 594 n.2 (4th Cir. 2023) (citing *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365 (4th Cir. 2012)).[1] Whatever subsection the Court assigns to Lyft's motion, service of the motion started the 21-day period.

Courts outside this Circuit likewise start the 21-day clock with a motion to compel arbitration. *See Andresen v. Intepros Fed., Inc.*, No. 15-446 (EGS), 2024 WL 4164660, at *28–29 (D.D.C. Sept. 12, 2024) (alternative holding) (motion to compel filed "pursuant to Rule 12(b) and the FAA" ended the right to amend as a matter of course 21 days later); *Mesner v. Fid. Brokerage Servs., LLC*, No. 2:23-CV-00252-JAW, 2023 WL 7002536, at *10–11 (D. Me. Oct. 24, 2023) (treating a motion to compel that cited no rule as a Rule 12(b)(1) motion and striking later amended

[1] In *Atlantic Marine*, the Supreme Court held that a forum-selection clause does not make venue "improper" under Rule 12(b)(3). *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55–60 (2013). It did not address arbitration agreements or Rule 15, and it left open whether Rule 12(b)(6) is available. *Id.* at 61. Since then, the Fourth Circuit and this Court have continued to treat motions to compel arbitration as Rule 12(b)(3) motions. *David v. Tesla Inc.*, 720 F. Supp. 3d 390, 395 (D. Md. 2024); *Stone v. Wells Fargo Bank, N.A.* , 361 F. Supp. 3d 539, 548–49 (D. Md. 2019) (construing a motion to dismiss in favor of arbitration "as one brought under Rule 12(b)(3)"). Either way, Lyft's argument does not depend on subsection (3), because a motion under Rule 12(b)(1) or (6) is equally "a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B)

complaints filed as of right). Lyft's motion, which invokes Rule 12(b) on its face, presents an easier case. ECF 20 at 1.

Goforth's contrary argument rests on one sentence in Lyft's reply. That sentence said Lyft "moved for a stay under 9 U.S.C. § 3, not dismissal." ECF 25 ¶ 2 (quoting ECF 23 at 2). That sentence described the remedy Lyft sought. It did not change the rule under which Lyft moved. Rule 15(a)(1)(B) turns on "service of a motion under Rule 12(b)," not on whether the motion asks the Court to dismiss or to stay. Fed. R. Civ. P. 15(a)(1)(B). *Smith v. Spizzirri* requires a court to stay the proceeding once it finds a dispute arbitrable and a party requests a stay. 601 U.S. 472, 475–76, 478 (2024). *Smith* thus governs the relief, not the rule under which the motion is brought.

A Rule 12(b) motion and a § 3 stay are not in tension. In *Aggarao*, the defendants moved to dismiss on the basis of an arbitration clause. 675 F.3d at 364. The Fourth Circuit affirmed that the clause was enforceable but directed the district court to enter "a stay pending arbitration." *Id.* at 365, 380.

Treating Lyft's motion as a Rule 12(b) motion that closed Goforth's 21-day window also serves the purpose of the 2009 amendment to Rule 15(a)(1), which was meant to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment. Goforth did consider Lyft's arguments within the 21-day period. He answered them in his October 7, 2026 opposition and did not amend. ECF 21. Goforth's only other authority, by his own description, states the rule as it read "[b]efore the 2009 amendment to Rule 15," when only a responsive pleading ended the right to amend as a matter of course. *See* Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment.

## II. EVERY PROPOSED COUNT MUST BE ARBITRATED, SO THE AMENDMENT IS FUTILE.

### A. The Court Should Decide Lyft's Fully Briefed Motion to Compel First.

Lyft's motion is fully briefed and ready for decision. The parties agree that the arbitration question "is about the text of Lyft's own Agreements, which the Court can decide as a matter of law." ECF 23 at 3 (quoting ECF 21 at 8). When a fully briefed motion to compel arbitration and a motion to amend are pending together, courts in this Circuit decide arbitrability first and then deny an amendment that cannot change the forum. In *Williams*, this Court compelled a *pro se* plaintiff to arbitrate and then denied his motion to amend as futile, because "regardless of any amendment to pleadings, Williams is still required to submit any claims to the arbitrator." 825 F. Supp. 3d at 562–64. In *Galloway v. Santander Consumer USA, Inc.*, the Court compelled arbitration and denied leave to amend because the "proposed amendments provide no facts from which to find she is not required to submit her claims to arbitration and thus would be futile at this time." No. CCB-13-3240, 2014 WL 4384641, at *5 (D. Md. Sept. 3, 2014); *see also Green v. Zachry Indus., Inc.*, 36 F. Supp. 3d 669, 678–79 (W.D. Va. 2014) (denying leave to add party plaintiffs and amend where the proposed complaint asserted the same arbitrable claims and the case would be stayed); *Adkins v. Labor Ready, Inc.*, 205 F.R.D. 460, 465 (S.D.W. Va. 2001) (denying amendment as futile where the added claims "should be a part of the arbitration proceedings"); *Thompson v. Kellogg Brown & Root (KBR)/Halliburton*, No. 3:07CV793, 2008 WL 2019570, at *1, *5 (E.D. Va. May 9, 2008) (compelling arbitration of a *pro se* plaintiff's claims and dismissing his motion to amend as moot).

That sequence follows from the FAA. The stay provision "is mandatory," and a district court "has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496,

500 (4th Cir. 2002). When a party requests a stay, "§ 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). Permitting a 100-page amendment before deciding that Lyft's motion to stay would invert the order the FAA requires.

**B. Counts I Through VIII Fall Within the Arbitration Agreement.**

The rewritten Counts I through VI remain claims for breach of contract, breach of the implied covenant, negligence, negligent supervision, and emotional distress arising from the deactivation. FAC ¶¶ 72–77J. Goforth now pleads the Terms as the contract on which his claims rest and quotes Lyft's declarant for the point that he "agreed to all of the terms and conditions contained in that Agreement." *Id.* ¶ 72 (quoting ECF 20-3 at 4). The agreement he invokes includes the arbitration provision. ECF 20-3 ¶¶ 9–10. Those counts are arbitrable for the reasons Lyft has already briefed. ECF 20-2 at 11–15; ECF 23 at 3–8.

Count VIII is no different. The agreement expressly covers "discrimination," "wrongful termination," claims under the "Civil Rights Act of 1964" and the "Americans with Disabilities Act," state statutes "addressing the same or similar subject matters," and "all other federal and state statutory and common law claims." ECF 20-3 ¶ 10. Goforth pleads that Count VIII "arises from Lyft's treatment of Plaintiff before, during and after the deactivation." ECF 25 ¶ 3. He premises the count on the Terms, which he calls "one agreement that binds drivers and riders alike," and on the notice-and-cure provision in Section 16. FAC ¶¶ 83, 83B, 85. Count 8c goes further and complains about what Lyft told this Court regarding his opt-out notices. *Id.* ¶¶ 85A–85B. All of these arguments must be decided in arbitration.

Count VII also falls within the agreement. The agreement covers "unfair competition" and any claim relating to "the threatened or actual suspension, deactivation or termination" of Goforth's account or his "relationship with Lyft." ECF 20-3 ¶ 10. Count VII seeks damages for

business losses that allegedly flow from that deactivation and claims that Lyft's deactivation of Goforth's account constituted "a tortious interference" with his business. FAC ¶ 1. Notably, the parties delegated "disputes about the scope" of the Arbitration Agreement to the arbitrator. ECF 20-3 ¶ 10. This Court enforces such delegations. *Williams*, 825 F. Supp. 3d at 559–62 & n.4.

Goforth's four opt-out notices are untimely and change nothing. FAC ¶ 70. As Lyft has shown, an opt-out by a driver who previously agreed to arbitrate reaches only "revisions" and "has no effect on any previous . . . arbitration agreements." ECF 20-3 ¶¶ 11–12; ECF 23 at 4–8. The fourth notice, which Goforth sent on October 7, 2026, after Lyft filed its motion and on the day he filed his opposition, are as legally ineffectual as the first three. ECF 26 at 7–9.

### C. RiderTainment Cannot Plead Around the Agreement.

RiderTainment's claim is derivative of Goforth's account and the Terms that govern it. Its only member is Goforth. FAC ¶ 7A. Its business "was developed in connection with, and depended upon, his ability to operate as a rideshare driver." *Id.* ¶ 11. Its injury is that the deactivation of Goforth's account "cut the company off from the rides in which its product was tested, demonstrated and sold." *Id.* ¶ 80A. Its damages run through Goforth's own lost income, housing, and spinal condition. *Id.* ¶ 81. It relies on the Terms' provisions on ride data and in-ride recording, *id.* ¶ 79C (citing ECF 20-4 at 45–46), and on Lyft's statements to Goforth that his account was on "hold" and that further Safety-team review would not change the decision, *id.* ¶ 80D.

A nonsignatory "is estopped from refusing to comply with an arbitration clause when it [is seeking or] receives a direct benefit from a contract containing an arbitration clause." *Adekson v. Comcast Cable Commc'ns, LLC*, 823 F. Supp. 3d 549, 557 (D. Md. 2026) (internal quotation marks omitted). In *Adekson*, this Court held a *pro se* nonsignatory estopped and compelled arbitration of his claims, including a tort claim for interference with economic relations. *Id.* at 557–

59; *see also Williams*, 825 F. Supp. 3d at 561 n.3 (applying the direct-benefit test). Where the claims of a party added by amendment are "inherently inseparable" from arbitrable claims, they belong in arbitration and the amendment is futile. *Adkins*, 205 F.R.D. at 465 (internal quotation marks omitted). RiderTainment's claim exists only because of Goforth's account, his contract, and its deactivation. Adding the company as a plaintiff cannot move that dispute out of arbitration.

## III. THE NEW COUNTS FAIL ON THE FACE OF THE FAC.

### A. Count VII Is Asserted by an Unrepresented Limited Liability Company.

"All parties other than individuals must be represented by counsel." Loc. R. 101.1.a (D. Md. 2025). "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel," and that rule "applies equally to all artificial entities." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). This Court applies the rule to limited liability companies. *Williams v. Dee Miracle Auto Grp., LLC*, No. ELH-15-02466, 2016 WL 363829, at *2–3 (D. Md. Jan. 29, 2016) ("[A]n LLC cannot represent itself or appear through a non-attorney member."); *Cephas Logistics v. FLS Transp. Servs. (USA) Inc.*, No. MJM-24-2540, 2025 WL 2676521, at *2–3 (D. Md. Sept. 18, 2025) (explaining that, even apart from venue, the court "could not accept" an LLC's complaint signed by a non-attorney). The rule applies to a single-member LLC whose member wants to press the company's claim himself. *Macher v. Netflix, Inc.*, 684 F. Supp. 3d 509, 515 (W.D. Va. 2023) (holding that a pro se plaintiff "cannot represent the LLC").

Goforth concedes the point. He "does not represent RiderTainment LLC," "signs nothing on its behalf," and is "a witness on Count VII." ECF 25 ¶ 9; FAC ¶ 7A. No attorney has appeared for the company or signed the FAC. A promise that the company "will appear through counsel, in

this action or in the severed action," ECF 25-1 at 5, is not an appearance. As tendered, Count VII is a claim that no party is competent to present. It is futile.

Count VII also fails on its own allegations. The FAC invokes a standard requiring conduct "that is independently wrongful or unlawful, quite apart from its effect on the plaintiff's business relationships." FAC ¶ 80B (internal quotation marks omitted). Yet the only conduct alleged consists of Lyft's emails to Goforth about his own account. *Id.* ¶ 80D. The FAC identifies no customer, affiliate, or partner whose relationship with RiderTainment Lyft disrupted. It concedes that "no one had replied" to the affiliate program, *id.* ¶ 17, that the business plan's figures "record no sale or offering that occurred," *id.* ¶ 81B, and that RiderTainment "does not allege that Lyft captured the Network," *id.* ¶ 79C. It pleads intent only "on information and belief and in the alternative," *Id.* ¶ 80C, which is insufficient.

### B. Count 8a Does Not Plausibly Allege That Race Was the But-For Cause of the Deactivation.

To state a claim under § 1981, a plaintiff must allege facts supporting a reasonable inference that the defendant intended to discriminate on the basis of race and that the interference with a contractual interest "would not have happened but for the plaintiff's race." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022); *see Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 341 (2020) (a plaintiff "must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right"). The FAC fails to meet this test.

Goforth fails to offer a legitimate comparator; instead, he offers the passenger who complained about him. FAC ¶ 83C. She was a rider making a report, not a driver whose account was under review. Different treatment supports an inference of discrimination only when the comparator is "similarly situated in all relevant respects." *Katti v. Arden*, 161 F.4th 217, 228 (4th

Cir. 2025). Beyond that mismatched comparison, Count 8a rests on the assertion that, "with no proven fact left to support the decision, it rested on a preference, [and] that the preference was race." FAC ¶ 83F. That is "speculation rather than facts." *Katti*, 161 F.4th at 228. Bare allegations that a defendant would not have acted but for race are "mere recitals of the elements of a cause of action," *Nadendla*, 24 F.4th at 306, and fail to satisfy the pleading standards of this Court.

The FAC also supplies "obvious alternative explanation[s]" for the deactivation. *Katti*, 161 F.4th at 228 (internal quotation marks omitted). It alleges that Lyft gave its reason in writing: "this not being the first time we receive a report regarding similar behavior on your account." FAC ¶¶ 74D, 83B. It further states the passenger "has a history of doing this to drivers." *Id.* ¶¶ 23A, 46A, and that first-tier representatives could deactivate a driver without a second review. *Id.* ¶ 75C. Finally, it alleges, "in the alternative," that Lyft acted "to stop a product that could strengthen a competitor's market share," out of "a perceived threat of exposure," or "for a purpose it has never disclosed." *Id.* ¶¶ 23A, 77G, 80C, 80E. In *Daulatzai*, this Court held a proposed § 1981 claim futile because the allegations established at most that the decisionmaker "made a mistake," and there were "no allegations establishing that the but-for cause of this conclusion was racial animus." 606 F. Supp. 3d at 272–73. Goforth's own pleading points to the same conclusion: Count 8a is futile.

### C. Counts 8b and 8c Fail as a Matter of Law.

Counts 8b and 8c rely on Maryland Code, State Government § 20-304. FAC ¶¶ 84C–84D, 85D. Maryland law "does not give rise to a private right of action" for discrimination in places of public accommodation. *Doe v. Cmty. Coll. of Balt. Cnty.*, 595 F. Supp. 3d 392, 407 (D. Md. 2022) (internal quotation marks omitted) (dismissing claim); *see Baker v. Greyhound Bus Line*, 240 F. Supp. 2d 454, 455 (D. Md. 2003) (same under predecessor statute). Section 20-1013, which Goforth cites, provides a civil action for employment discrimination, not public accommodations.

*Doe*, 595 F. Supp. 3d at 407. Goforth also concedes he has not filed any complaint with the Maryland Commission on Civil Rights and asks the Court to "hold" these claims until he does. FAC ¶ 82A. A court cannot hold open a claim that does not exist.

Count 8b's federal theory fares no better. Section 12184(a) protects an individual's "full and equal enjoyment of specified public transportation services." FAC ¶ 84B (quoting 42 U.S.C. § 12184(a)). Goforth does not allege that he was denied transportation. He alleges that, as a driver, he cannot exclude assisted rides from his acceptance rate and lacks a supported way to tell passengers about his disability. *Id.* ¶¶ 84–84A. Those allegations concern the terms on which he provides rides, not his enjoyment of a transportation service. The only decision the FAC cites addressed whether a rideshare company is a covered entity. *Id.* ¶¶ 69B, 84B.

Count 8c fails for an additional reason. Its "continuing practice" consists of an alleged deletion of support-chat entries and Lyft's statement in its October 21, 2026 reply that it "received all three opt-out notices." *Id.* ¶¶ 85A–85C. A party's description of the record in a brief to this Court cannot create a claim for denial of a public accommodation.

## IV. UNDUE DELAY, BAD FAITH, AND PREJUDICE INDEPENDENTLY WARRANT DENIAL.

### A. Goforth Offers No Explanation for Adding Long-Known Claims After Full Briefing.

Goforth was aware of every fact behind the new counts before he filed suit. For example, the original Complaint already alleged his business and its "destruction." ECF 1 ¶¶ 10, 35. Also, the race allegations concern events from April to October 2023. FAC ¶¶ 38, 83–83E. Additionally, the disability allegations rest on a disability that, according to the Social Security Administration, began on December 28, 2024 and on an August 2, 2025 email. *Id.* ¶¶ 61, 84A. The report and news

story on which Counts IV and VIII rely date from 2023. *Id.* ¶¶ 75B, 80, 83G–83H. Goforth could have raised these issues in his original Complaint but offers no reason why he omitted them.

The Fourth Circuit has affirmed denial of leave to amend where the movant offered no explanation for his delay, missed the scheduling-order deadline, and sought to amend after the defendant filed a dispositive motion, based on "facts known to [him] at the time he commenced this lawsuit." *Naden v. Saga Software, Inc.*, 11 F. App'x 381, 382–83 (4th Cir. 2001). "[U]ndue delay can be inferred from the absence of explanation for the delay." *Id.* at 383. A motion to amend "should be made as soon as the necessity for altering the pleading becomes apparent." *Daulatzai*, 606 F. Supp. 3d at 262 (internal quotation marks omitted). Goforth waited until Lyft's motion was fully briefed and he had moved for leave to file a surreply, which Lyft opposes. ECF 24; ECF 26. The FAC then re-pleads his side of the arbitration dispute as fact, which does not support any legitimate argument for amending his Complaint. FAC ¶¶ 70, 71A, 85A–85B.

### B. The FAC Contradicts the Original Complaint on Core Facts.

This Court also should deny Goforth's motion because his proposed amendment is riddled with factual contradictions and changes of position from his first Complaint. A court may find bad faith where "facts newly alleged" in an amended pleading "are inconsistent with facts alleged in prior pleadings," so that the change "reflects a contradiction, rather than a clarification," of earlier allegations. *Daulatzai*, 606 F. Supp. 3d at 263–64. The Fourth Circuit affirmed that ruling, which rested on the plaintiff's "changes of position" and the "inconsistencies in her factual allegations." *Daulatzai*, 97 F.4th at 179–80.

Goforth's factual and positional shifts here go to the core of his case. The following list identifies the various examples in which Goforth fundamentally contradicts his original Complaint:

1. The original Complaint alleged that Goforth had "no prior disciplinary history with Lyft and no incidents of concern during his more than 10,000 completed rides." ECF 1 ¶ 11. The FAC, by contrast, alleges four earlier holds on his account between 2019 and 2022, each following a passenger report. FAC ¶¶ 12, 30–34.

2. The Complaint alleged that the passenger "had previously been identified by Lyft itself" as someone who abused the complaint process and that Lyft "had flagged this passenger's account." ECF 1 ¶ 13. The FAC concedes that Goforth "does not know when Lyft first learned that history." FAC ¶ 23A.

3. The Complaint alleged a "written admission" that the deactivation "did not meet our standards for deactivation." ECF 1 ¶¶ 17–18. The FAC drops that quotation, quotes a different October 27, 2023 message, and alleges that the message "identifies no other new fact." FAC ¶¶ 45–46.

4. The Complaint alleged that Goforth "was evicted from his residence in Baltimore" on August 10, 2023, "the first eviction of his life." ECF 1 ¶ 21. The FAC alleges that he left Baltimore in the first week after the hold, moved to San Antonio, left both homes "without waiting for a court filing," and "had never been through an eviction" at that point. FAC ¶¶ 50–51.

5. The Complaint alleged that the deactivation "was triggered by a safety complaint." ECF 1 ¶ 12. The FAC now alleges that "[n]o Lyft message says he endangered anyone" and that "[a] passenger's discomfort is a feeling, not a safety event." FAC ¶ 67.

6. The Complaint alleged "daily appeals" for "185 consecutive days." ECF 1 ¶ 15. The FAC alleges that he "regularly" appealed and at times "stopped writing." FAC ¶¶ 40, 77F.

All of these examples constitute fundamental contradictions, not clarifications, and further support Lyft's position that Goforth's motion for leave to amend should be denied.

### C. The FAC Improperly Converts Lyft's Arbitration Briefing into a Claim Against Lyft's Counsel.

The FAC alleges that Lyft's counsel and declarant "agreed on" an "omission" of the October 7, 2026 opt-out email from Lyft's reply, or that counsel "filed without checking," and it treats that alleged omission as part of the harm for which Goforth seeks damages. FAC ¶ 71A. The exhibit index names both as "violator[s]." ECF 25-2 at 2. Goforth's own filings answer that charge. His exhibit shows that he sent the email at "2026-10-07 08:37:32 UTC." ECF 25-2 at 21. He filed

his opposition that same day, with a declaration that lists only three opt-out emails. ECF 21; ECF 21-4 ¶ 2 & p. 5. Lyft's reply addressed the three notices Goforth himself had placed at issue. ECF 23 at 2 (citing ECF 21 at 3; ECF 21-4 ¶¶ 2–4). A litigant "who treats his complaint like the game of Battleship, moving the target across the board every time it suffers a fatal blow, acts in bad faith." *Daulatzai*, 606 F. Supp. 3d at 265. Recasting an opponent's briefing as a new cause of action demonstrates that kind of maneuver, and Goforth's apparent argument that Lyft's counsel ignored his email fails to state a cognizable claim.

### D. The Amendment Would Prejudice Lyft.

Prejudice may warrant denial even when a case "has not progressed past the pleading stage." *Daulatzai*, 606 F. Supp. 3d at 266. The prejudice here is concrete: Lyft has fully briefed a motion directed to the Complaint. The FAC would supersede that pleading and require Lyft to brief arbitrability again as to eight counts and a new plaintiff. It would add a party that cannot appear, federal claims under § 1981 and Title III, a faulty theory aimed at Lyft's litigation counsel, and requests for two new civil actions with indefinite stays. Joinder may be denied where adding parties "would result in prejudice, expense, or delay." *Mesmer*, 2011 WL 582578, at *2. Most fundamentally, the amendment would require Lyft to litigate in court the very claims it agreed to arbitrate. *See Adkins*, 303 F.3d at 500 (the FAA's "stay-of-litigation" provision is mandatory."). For all of these reasons, this Court should deny Goforth's motion.

## V. THE ANCILLARY REQUESTS SHOULD BE DENIED.

### A. This Court should Deny the Request to Join RiderTainment.

Rule 20 grants "wide discretion concerning the permissive joinder of parties," and joinder may be denied if it would not "promote trial convenience and expedite the final determination of disputes." *Mesmer*, 2011 WL 582578, at *2. Joining an entity that cannot appear would do neither,

and courts deny requests to add parties whose claims belong in arbitration. *Green*, 36 F. Supp. 3d at 678–79; *Adkins*, 205 F.R.D. at 464–65.

### B. Severance Is Unwarranted.

Goforth's severance request also should be denied, and it contradicts his joinder request. To join RiderTainment, he states Count VII "arises from the same deactivation," but also claims Count VII "has its own plaintiff, its own subject and its own proof." ECF 25 ¶ 10. Both cannot be true. Courts presume that claims in a case will be resolved together, and the movant must show that (1) it "will be severely prejudiced without a separate trial" and (2) the issue to be severed is "so 'distinct and separable' from the others that a trial of that issue alone may proceed without injustice." *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007) (denying severance). Goforth shows neither.

Moreover, an open-ended stay of hypothetical actions should be denied. Goforth asks the Court to stay the severed actions "for as long as his medical professionals find feasible." ECF 25 ¶ 10A. A party seeking a stay "must demonstrate a pressing need for one" and show "that the need for a stay outweighs any possible harm to the nonmovant." *Mullins v. Suburban Hosp. Healthcare Sys., Inc.*, No. PX 16-1113, 2017 WL 3023282, at *1 (D. Md. July 17, 2017) (denying *pro se* plaintiff's motion to stay). Goforth offers no medical evidence and no end date. The Court's September 15, 2026 order noted only his intent to file a motion. ECF 25 ¶ 10A (quoting ECF 18 at 1). If the Court compels arbitration, this action will be stayed under § 3, and Lyft has agreed that the ADR referral may remain in effect during that stay. ECF 23 at 2.

### C. Goforth Has Not Shown Extraordinary Circumstances for 60 Excess Pages.

Pleadings "should be no longer than necessary" and "shall not exceed forty (40) pages" absent "extraordinary circumstances." Loc. R. 103.1.d. Goforth seeks leave for a 100-page filing,

60 pages over the limit. ECF 25 ¶ 11. In *Yuzhakov*, this Court refused to accept a 97-page amended complaint, explaining that the pleading "reads more like a lengthy motion for summary judgment, with extensive legal argumentation," that "citations and legal argumentation have no place in the complaint," and that multi-page paragraphs raise "significant doubt about their compliance with" Rule 10(b). 2026 WL 2333182, at *2. In *Keller v. Monroe Capital Corp.*, the Court dismissed an amended complaint that exceeded the limit by 29 pages "caused at least in part by unnecessary inclusions, such as citations to judicial opinions and news pieces." No. SAG-25-02474, 2026 WL 1719317, at *5 (D. Md. June 15, 2026).

The FAC has the same features. It quotes and cites judicial decisions throughout its counts. FAC ¶¶ 69B, 72–77G, 78, 80B–80D, 83I, 84B. It cites an advocacy report and a news story. *Id.* ¶¶ 75B, 83G–83H. It embeds web links. *Id.* ¶¶ 19, 79A. It repeats a bracketed description of the passenger numerous times and the bracketed tag "Lyft Support, position not stated in the email" more than thirty times. Local Rule 103.1.c requires each count to state its supporting facts. It does not require legal argument, and stating eight counts is not an extraordinary circumstance.

## VI. GOFORTH'S PRO SE STATUS DOES NOT CHANGE THE RESULT.

Lyft recognizes that Goforth's filings are entitled to liberal construction. But that leniency "has its limits," and the Court "may not construct the plaintiff's legal arguments for him." *Williams*, 825 F. Supp. 3d at 559 (internal quotation marks omitted). Self-represented individuals "are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure." Loc. R. 101.1.a. Liberal construction cannot supply counsel for an LLC, create a private right of action, or remove claims from a binding arbitration agreement.

## CONCLUSION

The Court should deny Plaintiff's Motion for Leave to File First Amended Complaint (ECF 25) in its entirety. The Complaint (ECF 1) should remain the operative pleading, and the Court should decide Lyft's Motion to Stay Proceedings and Compel Arbitration (ECF 20) on the existing briefing. In the alternative, the Court should deny leave without prejudice pending arbitration, as it did in *Williams*, 825 F. Supp. 3d at 564. If the Court grants leave in any part, Lyft requests that the Court treat its Motion to Stay Proceedings and Compel Arbitration as directed to the amended pleading and allow Lyft fourteen days to file a supplemental memorandum addressing any new count or party.

Dated: November 24, 2026

Respectfully submitted,

LYFT, INC.
By Counsel

/s/ *Sarah A. Belger*

Sarah A. Belger (Bar No. 1601080001)
HOLLAND & KNIGHT LLP
1650 Tysons Blvd, Suite 1700
Tysons, Virginia 22102
Telephone: (703) 720-8587
Facsimile: (703) 720-6010
Sarah.Belger@hklaw.com

*Counsel for Defendant Lyft, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2026, a copy of the foregoing Opposition, together with the accompanying proposed order, was filed with the Clerk of the Court via the CM/ECF

system, causing a notice of electronic filing to be served upon all counsel of record. Additionally, I sent a copy by email and first-class mail to:

Steven Anthony Goforth
42020 Village Center Plaza
Suite 120 PMB 721
Aldie, VA 20105
Theuppityninja@gmail.com
*Plaintiff, pro se*

/s/ *Sarah A. Belger*
Sarah A. Belger (Bar No. 1601080001)